# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **BETTY B. RANDOLPH**, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06cv00058 |
| | ) | |
| | ) | **OPINION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,**[1] | ) | By:  P AMELA M EADE S ARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 14) ("the Motion"). Based on the reasoning set out below, the Motion will be denied without prejudice.

Betty B. Randolph filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2007). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered January 11, 2007, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further development of the record. (Docket Item No. 13.)

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007, and is, therefore, substituted for Jo Anne B. Barnhart as the defendant in the action pursuant to Federal Rule of Civil Procedure 25(d)(1).

-1-

Randolph was later awarded benefits by the Social Security Administration. Counsel for Randolph has filed a petition seeking approval of a fee of $ 2,000.00 for representing Randolph in this court. The Commissioner has been given until November 28, 2007, to respond to the Motion, but based on the reasoning set out below, I find that the award of an attorney's fee on this record is inappropriate at this time.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2007). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). In this case, Randolph's counsel has not provided the court with a fee agreement. Randolph's counsel has provided the court with a copy of the Social Security Administration's October 24, 2007, Notice Of Award Letter, which states that it has awarded benefits to Randolph. However, the letter does not state the total amount of past due benefits owed to Randolph, nor does it specify a certain amount, totaling 25 percent of the past due benefits, that it has withheld to pay any claimed attorney's fee. That being the

case, the court cannot determine, based on the record currently before it, whether the fee requested by plaintiff's counsel amounts to 25 percent or less of the past due benefits owed to Randolph. Therefore, the Motion will be denied without prejudice, to plaintiff's counsel filing another properly supported motion. An appropriate order will be entered.

DATED: November 9, 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE